PONDER, Judge.
This action arose from a three car collision. Plaintiff appealed the finding of no liability of one of the defendants and the amount awarded.
We affirm.
Courtney’s car, stopped in a line of traffic, was struck in the rear by a vehicle driven by Vaughn. Vaughn’s car was struck in the rear by one driven by Lee. The sequence of these collisions is in dispute. Plaintiff contends that he was struck twice, first because of Vaughn’s failure to stop and then because of Lee’s striking Vaughn’s car; he produced a witness to corroborate his version.
*663 Vaughn contended he was propelled into plaintiff’s car by Lee’s car. Lee admitted striking Vaughn.
The trial court accepted Vaughn’s version and dismissed Vaughn, his employer and his insurer. We cannot say this is manifestly wrong.
The award of $7,500.00 was not proved to be so low as to be an abuse of discretion. Plaintiff made considerably less money in 1977 than in 1976, but the causal connection between his injuries and the loss of income was not proved. At the time of the accident he was a general foreman carpenter; this required little or no manual labor. He continued to work after the accident, in July, 1976. Apparently 1977 was a slow year for all carpenters, whether laborers or foremen. Therefore, we cannot say a loss of wages beyond the initial weeks following the accident was proved.
While plaintiff believes himself to be disabled, the doctors’ testimony does not support this. Also, the testimony of plaintiff’s doctors did not prove the award for physical or mental suffering should be increased. There was no proof as to what, if any, future medical expenses would be required. The suggested procedure by the doctors, a myelogram, to determine what, if any, back injury exists has been refused by plaintiff.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.